UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MILTON ORDONEZ                                                    CIVIL ACTION

VERSUS                                                            NO. 18-9166

BP EXPLORATION & PRODUCTION, INC.                                 SECTION: "G"(3)
et. al

### ORDER AND REASONS

In this litigation, Plaintiff Milton Ordonez ("Plaintiff") seeks to recover damages from Defendants BP Exploration and Production, Inc. and BP America Production Company (collectively, "Defendants") for injuries he allegedly sustained while working in the response effort for the *Deepwater Horizon* oil spill.[1] Before the Court is Defendants' "Motion for Summary Judgment Due to Lack of Causation."[2] In the instant motion, Defendants argue that Plaintiff's claims must be dismissed because he has insufficient admissible evidence to connect his alleged conditions with exposure to oil or dispersants.[3]

The instant motion was filed on August 14, 2020, and it was set for submission on September 9, 2020.[4] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.[5] Plaintiff has not filed an opposition to the instant motion and therefore the motion is unopposed. A federal district court may grant an unopposed motion if the

---

[1] Rec. Doc. 1. at 2.

[2] Rec. Doc. 25.

[3] *Id*. at 1.

[4] *See* Rec. Doc. 25-3.

[5] *See* EDLA Local Rule 7.5.

1

motion has merit.[6] Considering the motion, the memorandum in support, the record, and the applicable law, the Court grants the motion.

## I. Background

This case arises out of the Deepwater Horizon oil spill that occurred on April 20, 2010.[7] On January 11, 2013, United States District Judge Carl J. Barbier, who presided over the multidistrict litigation arising out of the Deepwater Horizon incident, approved the Deepwater Horizon Medical Benefits Class Action Settlement Agreement ("MSA").[8] The MSA includes a Back-End Litigation Option ("BELO") that allows certain class members, including clean-up workers who follow procedures set forth in the MSA, to sue BP for later-manifested physical conditions.[9]

On October 3, 2018, Plaintiff filed a BELO Complaint in this Court.[10] In the Complaint, Plaintiff alleges that the Deepwater Horizon oil spill exposed him to "oil, dispersants, and other harmful chemicals" while he performed duties as a "Clean-up Worker."[11] That exposure allegedly caused Plaintiff to suffer permanent injuries, including "Chronic Conjunctivitis" and "Chronic Non Suppurative OME," which were first diagnosed on June 18, 2013.[12]

On May 8, 2019, after completion of certain requirements set forth in the BELO Case Management Orders, this case was transferred from Judge Barbier (Section "J" of this Court) and

---

[6] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[7] Rec. Doc. 1.

[8] *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 8217 (E.D. La. Jan. 11, 2013).

[9] *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 6427-1 at 60–73 (E.D. La. May 3, 2012).

[10] Rec. Doc 1.

[11] *Id*. at 5.

[12] *Id*.

randomly reallotted to Chief Judge Nannette Jolivette Brown (Section "G" of this Court).[13] On September 25, 2019, the Court issued a scheduling order setting this case for trial on November 16, 2020.[14] Pursuant to the Scheduling Order, Plaintiff was required to disclose any expert reports to Defendants no later than July 31, 2020.[15] The parties were required to file witness and exhibit lists no later than August 31, 2020.[16]

On November 21, 2019, the Court granted a motion allowing Craig T. Downs, Natasha N. Harrison, Vanessa E. Diaz, and Nathan L. Nelson to withdraw as counsel of record for Plaintiff.[17] The Court also administratively closed the case and stayed all deadlines for a period of thirty days or until Plaintiff retained new counsel, whichever occurred earlier.[18] On February 4, 2020, because more than 30 days had passed and the Court had not been notified that Plaintiff retained new counsel, the Court reopened the case, noting that the deadlines set forth in the September 25, 2019 Scheduling Order remained in effect.[19]

On August 14, 2020, Defendants filed the instant motion.[20] Pursuant to Local Rule 7.5, any opposition to the motion was due eight days before the noticed submission date.[21] Plaintiff has

---

[13] Rec. Doc. 10. The case was originally randomly reallotted to Judge Mary Ann Vial Lemmon (Section "S" of this Court. Rec. Doc. 11. Judge Lemmon recused herself due to a conflict, and the case was randomly reallotted to Chief Judge Brown. *Id*.

[14] Rec. Doc. 17.

[15] *Id*. at 4.

[16] *Id*.

[17] Rec. Doc. 23.

[18] *Id*.

[19] Rec. Doc. 24.

[20] Rec. Doc. 25.

[21] *See* EDLA Local Rule 7.5.

3

not filed an opposition to the instant motion and therefore the motion is unopposed. A federal district court may grant an unopposed motion if the motion has merit.[22]

## II. Parties Argument

In the instant motion, Defendants request summary judgment on Plaintiff's BELO claims.[23] Defendants argue the MSA requires Plaintiff to prove his condition was caused by exposure during the oil spill response.[24] Due to the technical nature of proof required to establish causation, Defendants assert that other judges in the Eastern District of Louisiana have required BELO plaintiffs to present expert testimony to meet their burden of proving causation.[25] Because Plaintiff has not made any expert disclosures in this case, Defendants argue that Plaintiff cannot meet his burden and Defendants are entitled to judgment as a matter of law.[26]

Defendants note that the only record Plaintiff previously offered to support his allegations is a June 2013 diagnostic form titled "Examination Report" from Industrial Medicine Specialists ("IMS"), a health clinic in Jefferson Parish.[27] Defendants note that the report includes diagnosis codes for Plaintiff's conditions "with the caveat that the codes were listed to capture the Plaintiff's subjective complaints and 'some may not have been readily apparent' on examination."[28] Additionally, Defendants note that the report does not state that Plaintiff's conditions were caused

---

[22] *See Braly v. Trail*, 254 F.3d 1082 (5th Cir. 2001).

[23] Rec. Doc. 25-1.

[24] *Id*. at 4–5.

[25] *Id*. at 5.

[26] *Id*. at 6–7.

[27] *Id*. at 7.

[28] *Id*.

by exposure to any substances during the oil spill response.[29] Finally, Defendants assert that such reports are not competent summary judgment evidence because they are unreliable and inadmissible.[30]

Plaintiff has failed to respond to the instant motion or provide evidence to oppose Defendants' assertions.

### III. Legal Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[31] The court considers "all of the evidence in the record but refrains from making credibility determination or weighing the evidence."[32] All facts and reasonable inferences must be drawn in the light most favorable to the nonmoving party.[33] An issue is genuine when "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[34]

The party seeking summary judgment has the burden of proof to show that no genuine dispute as to any material fact exists and may prove this by: "(1) submit[ing] evidentiary documents that negate the existence of some material elements of the opponent's claim or defense, or (2) if the crucial issue is one on which the opponent will bear the ultimate burden of proof at trial, demonstrate[ing] that the evidence in the record insufficiently supports an essential element

---

[29] *Id*.

[30] *Id*. at 7–8.

[31] Fed. R. Civ. P. 56(a); *see also Little v. Liquid Air Corp*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[32] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[33] *Rabalais v. BP Expl. & Prod.*, No. 18-cv-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019)

[34] *Matsushita Elec. Indus. Co. Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

of the opponent's claim or defense."[35] Pursuant to *Celotex Corp. v. Catrett*, if the dispositive issue is one that the nonmoving party bears the burden of proving, the moving parties burden is discharged upon "showing" the court that there is insufficient evidence to support the nonmoving parties case.[36] If the movant meets their burden by showing there is insufficient record evidence on an issue in which the nonmoving party bears the burden of proof, the burden shifts to the nonmoving party to prove a genuine issue of material fact.[37] A genuine issue may not be created by "'some metaphysical doubt as to the material facts,' 'by conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence."[38] The nonmoving party may not rest on the pleadings and must establish specific facts creating a genuine issue.[39] Additionally, "summary judgment is mandatory against a party who fails to make a showing sufficient to establish the existence of an elements essential to that party's case, and one which that party will bear the burden of proof at trial."[40]

## IV. Analysis

The MSA entered in the Deepwater Horizon litigation includes a Back-End Litigation Option ("BELO") that allows certain class members, including clean-up workers who follow procedures set forth in the MSA, to sue BP for later-manifested physical conditions resulting from exposure to oil and other harmful chemicals.[41] The MSA defines a later-manifested physical

---

[35] *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 190 (5th Cir. 1991) (internal citation omitted).

[36] 477 U.S. 317, 324–25 (1986).

[37] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[38] *Little*, 37 F.3d at 1075.

[39] *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998).

[40] *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011).

[41] *In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 6427-1 at 60–73 (E.D. La. May 3, 2012).

condition as a physical condition diagnosed after April 16, 2012, and which is claimed to have resulted from exposure to oil or other hazardous substances "used in connection with the Response Activities."[42] Under the terms of the MSA, a BELO claimant is not required to prove liability, but the claimant "must prove causation."[43]

The Fifth Circuit has stated that "[s]cientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain [a plaintiff's] burden in a toxic tort case."[44] Therefore, in a toxic tort case such as this one, "expert testimony is [] required to establish causation."[45]

Pursuant to the Scheduling Order, Plaintiff was required to disclose any expert reports to Defendants no later than July 31, 2020.[46] To date, Plaintiff has not disclosed any expert reports to Defendants. According to Defendants, the only record Plaintiff previously offered to support his allegations is a June 2013 diagnostic form titled "Examination Report" from Industrial Medicine Specialists ("IMS"), a health clinic in Jefferson Parish.[47] However, the report does not state that Plaintiff's conditions were caused by exposure to any substances during the oil spill response.[48]

---

[42] *Id*. at 17–18.

[43] *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, MDL No. 10-2179, Rec. Doc. 13733 (E.D. La. Nov. 26, 2014) (Barbier, J.). *See also Garcia-Maradiaga v. BP Expl. & Prod.*, No. 18-11850, 2020 WL 491183, at *3 (E.D. La. Jan. 30, 2020) (Ashe, J.); *Turner v. BP Expl. & Prod.*, No. 18-9897, 2019 WL 6895577, at *2 (E.D. La. Dec. 18, 2019) (Fallon, J.); *Brown v. BP Expl. & Prod. Inc.*, No. 18-9927, 2019 WL 2995869, at *2 (E.D. La. July 9, 2019) (Africk, J.); *Rabalais v. BP Expl. & Prod. Inc.*, No. 18-9718, 2019 WL 2546927, at *2 (E.D. La. June 20, 2019) (Africk, J.); *Cibilic v. BP Expl. & Prod.*, No. 15-995, 2017 WL 1064954, at *2 (E.D. La. Mar. 21, 2017) (Milazzo, J.); *Piacun v. BP Expl. & Prod., Inc.*, No. 15-2963, 2016 WL 7187946, at *7 (E.D. La. Dec. 12, 2016) (Morgan, J.).

[44] *See Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 723 (5th Cir. 2009) (citing *Allen v. Pennsylvania Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996)).

[45] *Id*.

[46] Rec. Doc. 17 at 4.

[47] Rec. Doc. 25-1 at 7; Rec. Doc. 25-4.

[48] Rec. Doc. 25-4.

Additionally, Plaintiff has not designated Shane Schruff, the nurse practitioner who prepared the report, as an expert witness in this case.[49]

Plaintiff has not opposed the motion or otherwise attempted to demonstrate causation. Therefore, because Plaintiff has failed to put forth any evidence to support an essential element of his BELO claims, there are no genuine issues of material fact in dispute and Defendants are entitled to judgment as a matter of law.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants BP Exploration and Production, Inc. and BP America Production Company's "Motion for Summary Judgment Due to Lack of Causation"[50] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this   1st   day of October, 2020.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[49] *Baptiste v. BP Expl. & Prod.*, No. 18-9270, 2020 WL 2063678, at *3 (E.D. La. Apr. 29, 2020) (Feldman, J.) (citing *Herrera v. BP Expl. & Prod., Inc.*, No. 18-8322, 2020 WL 1166983, at *2–3 (E.D. La. Mar. 11, 2020) (Vance, J.); *Banegas v. BP Expl. & Prod.*, No. 17-cv-7429, 2019 WL 424683, at *3 (E.D. La. Feb. 4, 2019) (Vance, J.); *Escobar v. BP Expl. & Prod.*, No. 18-9170, 2019 WL 6877645, at *3 (E.D. La. Dec. 17, 2019) (Morgan, J.). ("To be sure, a diagnostic report lacking a causation opinion or information necessary to develop a causation opinion is either incompetent summary judgment evidence, inadmissible under Federal Rule of Evidence 702, or otherwise falls short of the plaintiff's burden on legal causation.")).

[50] Rec. Doc. 25.